UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 13-62077-Civ-Scola

JENNIFER STEELE,

Plaintiff

v.

INTERNATIONAL ASSOCIATION OF TRAUMA &
ADDICTION COUNSELORS, INC., and
others,

Defendants
_____/

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE**

**COMES NOW** corporate Defendant INTERNATIONAL ASSOCIATION OF TRAUMA & ADDICTION COUNSELORS, INC. D/B/A OASIS INTERNATIONAL POMPANO BEACH ("Oasis") and individual Defendant JANINA GIRON ("Giron") (herein collectively referred to as "Defendants") by and through their undersigned counsel, to seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice of Plaintiff's, JENNIFER STEELE ("Plaintiff"), Third Amended Complaint because, once again, Plaintiff fails to state a claim under Section 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime.[1] Plaintiff so fails, and her Third Amended Complaint must be dismissed because:

1. Even after the Court graciously afforded plaintiff both leave to (and guidance for) amending her FLSA complaint, the Plaintiff still nowhere alleges that either Oasis *or* Giron "knew or should have known of the overtime work." *See* ECF No. 58, p.4 (Order dismissing second amended complaint and highlighting that complaint's failure to allege knowledge and willfulness); and

2. Plaintiff offers only an ambiguous and boilerplate allegation in

---

[1] The other individual defendant, Mr. David Hoskins, is neither a movant here, nor represented by counsel for Defendant Oasis and Defendant Giron.

1

a failed attempt to cast Ms. Giron as an "employer" subject to
personal liability under the FLSA.

## BACKGROUND

This is Plaintiff's fourth try at pleading a legally sufficient claim under the FLSA for allegedly unpaid overtime wages.[2] Recently, the Court dismissed without prejudice Plaintiff's second amended complaint because, among other deficiencies, the Plaintiff failed to plead that either Oasis or Ms. Giron "knew or should have known of the overtime work."[3] The closest Plaintiff came to alleging knowledge was this: "that Defendants 'knowingly and willfully refused to pay Plaintiff her legally entitled wages.'"[4]

The Court correctly characterized that allegation as "conclusory"[5] and, in granting Plaintiff leave to amend, specifically directed Plaintiff that, "In amending, [Plaintiff] must provide sufficient allegations as to . . . whether Defendants knew [Plaintiff] was working overtime."[6] But despite the Court's clear and unequivocal guidance, Plaintiff's Third Amended Complaint *nowhere alleges* that either Oasis or Giron *knew* Plaintiff worked overtime.[7] Instead, the Third Amended Complaint repeats the very same allegation that the Court pointed out as "conclusory" the last time around. Differently put, the Plaintiff ignored the Court's directive on what Plaintiff needed to do to cure the pleading deficiencies. So, the deficiency continues uncorrected and

---

[2] *See* ECF No. 1 (Initial Complaint); ECF No. 11 (First Amended Complaint); ECF No. 27 (Second Amended Complaint); ECF No. 59 (Third Amended Complaint).

[3] *See* ECF No. 58, p.4 (Order) (dismissing for plaintiff's failure to allege that defendant "knew or should have known of overtime work") (citing *Allen v. Board of Public Ed. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007)).

[4] *See id.* (quoting Second Amended Complaint, ¶ 11). This allegation, even if sufficient, goes to whether liquidated damages are warranted. It does ***not*** meet the requirement that a FLSA plaintiff plead facts to show an employer "knew" the plaintiff worked overtime.

[5] *Id.*

[6] *See* ECF No. 58, p.4 (Order) (conclusion section telling Plaintiff what she must do to cure pleading deficiencies).

[7] *See generally* ECF No. 59 (Third Amended Complaint) (no allegation that either Oasis or Giron knew plaintiff worked overtime).

unaffected by the Court's unambiguous directive when the Court gave Plaintiff leave to amend.

## MEMORANDUM OF LAW

### A. Legal Standard

"To survive a motion to dismiss, a complaint must offer more than naked assertions that the defendant acted unlawfully or a *formulaic recitation of the elements* of a cause of action." *Graveling v. Castle Mortgage Co.*, No. 14-15198, 2015 WL 6847947, at *1 (11th Cir. Nov. 9, 2015) (emphasis added). Instead, "[a] complaint must state a plausible claim for relief, and a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomason v. OneWest Bank, FSB*, 596 F. App'x 736, 740 (11th Cir. 2014) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, and unadorned, the-defendant-unlawfully-harmed-me accusations cannot withstand a motion to dismiss." *Odion v. Google Inc.*, No. 14-12394, 2015 WL 5778755, at *2 (11th Cir. Oct. 5, 2015).

### B. Legal Analysis

To prevail on a FLSA unpaid overtime claim, "plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the Board knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). As explained above, this Third Amended Complaint still fails to plead any facts that, if proved true, would show that either Oasis *or* Ms. Giron knew or should have known that Plaintiff was working overtime. *See Alvino v. Equinox Holdings, Inc.*, No. 14-15618, 2015 WL 5945865, at *2 (11th Cir. Oct. 14, 2015) (holding employee failed to prove employer knowledge where employer never instructed employee to work off the clock and failed to prove why it would have been readily apparent to supervisors that employee was working off the clock); *Brown v. Luna Dev. Corp.*, 104 F. Supp. 3d 1376, 1378 (S.D. Fla. 2015) (dismissing overtime claim because plaintiff failed to allege how, beyond failure to pay, defendants violated the FLSA, where plaintiff did not plead that he was required to work off the clock, to work during lunch breaks, to show up earlier than his regular set schedule, or that defendants manipulated the schedule system) (citing cases)). That failure alone warrants dismissal of Plaintiff's one-count complaint, just as it did the last time. Nothing more needs be said about that.

The only remaining question is whether *this* dismissal should be *with* prejudice. Where, as here, the Court afforded leave to amend, provided guidance on just how to amend, but the

Plaintiff ignored that guidance, dismissal should be with prejudice. Moreover, the Eleventh Circuit would uphold dismissal with prejudice where, as here, the Plaintiff ignored the Court's clear guidance about how to amend. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."); *Joseph v. Bernstein*, 612 F. App'x 551, 558 (11th Cir. 2015) *cert. denied*, No. 15-661, 2016 WL 207287 (U.S. Jan. 19, 2016) (holding plaintiff's disregard of the district court's directions after having been provided an opportunity to amend and cure the deficiencies supported dismissal with prejudice).

The Third Amended Complaint also fails in its allegations regarding Ms. Giron's status as an "employer" subject to personal liability under the FLSA. Trying (and failing) to plead that Ms. Giron qualified as Plaintiff's "employer," the Third Amended Complaint offers up no real facts of any kind to show that, when Plaintiff worked for Oasis, Ms. Giron qualified as an "employer" under the FLSA.

For example, the Third Amended Complaint purports to allege that Ms. Giron "acted directly or indirect in [Oasis's] interests[.]" ECF No. 59 (Third Am. Complaint ¶ 9). Unfortunately for Plaintiff, that allegation fails under the Eleventh Circuit's application of *Twombly* and *Iqbal* because that allegation parrots exactly the FLSA's definition of "employer" verbatim.[8] Where, as here, a complaint does little more than regurgitate statutory language, that complaint fails under *Twombly* and *Iqbal. See Graveling v. Castle Mortgage Co.*, 2015 WL 6847947, at *1 (11th Cir. Nov. 9, 2015). ("[A] complaint must offer more than naked assertions that the defendant acted unlawfully or a formulaic recitation of the elements of a cause of action.").

What this complaint must do, but what this complaint fails to do, is to offer up "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nowhere in the Third Amended Complaint does Plaintiff allege, for example, that Ms. Giron owned a share of the corporation, that she controlled the corporation's financial affairs to such an extent that she could cause the corporation to compensate (or not to compensate) Plaintiff in accordance with the FLSA, that she

---

[8]  *Compare* ECF No. 59 (Third Am. Complaint ¶ 9) *with* 29 U.S.C. § 203(d) (defining "employer" for FLSA purposes).

had some *direct* responsibility for the supervision of Plaintiff, or most importantly—that Ms. Giron had control over significant aspects of the company's day to day functions, *including compensation of employees*. See *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313-14 (11th Cir. 2013) ("[T]o support individual liability, there must be control over significant aspects of the company's day-to-day functions, including compensation of employees. . . [and] sufficient control of the company's financial affairs to cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA." (citations omitted)). Simply put, the Third Amended Complaint contains absolutely no plausible factual allegations supporting the imposition of personal liability upon Ms. Giron.

Consequently, apart from the Third Amended Complaint's failure to allege that Ms. Giron or Oasis knew the Plaintiff worked overtime, Ms. Giron stands entitled to a dismissal as to her personally because the Third Amended Complaint fails to adequately allege that Ms. Giron qualified as an "employer" under the FSLA when the Plaintiff worked for Oasis.

## CONCLUSION

The Third Amended Complaint should be dismissed with prejudice as against Defendants Oasis and Ms. Giron.  That is so because, despite the Court's direction when the Court gave Plaintiff leave to amend, Plaintiff utterly failed to allege facts to show that Oasis and Ms. Giron knew or should have known that Plaintiff worked overtime. *See Mizzaro*, 544 F.3d at 1255; *Joseph*, 612 F. App'x at 558.

The Third Amended Complaint should be dismissed as to Ms. Giron because the Plaintiff has not (and under Rule 11, cannot) allege in good faith that Ms. Giron qualified as an "employer" under FLSA § 203(d).

**WHEREFORE,** Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint With Prejudice.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion were filed and served on the counsel of record via the Court's ECF filing system on this 22nd day of February, 2016, on:

Elliot Kozolchyk
Koz Law, P.A.
*Counsel for Plaintiff*
(ekoz@kazlawfirm.com)
80 S.W. 8th Street, Suite 200
Miami, Florida 33130

                                      Respectfully Submitted,

                                      **KENNER & CUMMINGS PLLC**
                                      *Counsel for Defendants Oasis and Janina Giron*
                                      104 Southeast 8th Avenue, Suite 2
                                      Fort Lauderdale, Florida 33301
                                      Phone: (954) 233-2675 ext. 2

                             By: _____
                                      Marc E. Rosenthal, Esq.
                                      Florida Bar No.: 117561