UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 13-62077-Civ-SCOLA

JENNIFER STEELE,

Plaintiff,

vs.

INTERNATIONAL ASSOCIATION OF TRAUMA &
ADDICTION COUNSELORS, INC., and others,

Defendants.
_____/

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

**COMES NOW** Defendants INTERNATIONAL ASSOCIATION OF TRAUMA & ADDICTION COUNSELORS, INC. D/B/A OASIS INTERNATIONAL POMPANO BEACH ("OASIS") and JANINA GIRON ("GIRON") (herein collectively referred to as "Defendants") by and through their undersigned counsel, hereby replies to Plaintiff's, JENNIFER STEELE, Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

### BACKGROUND

Defendants moved to dismiss Plaintiff's Third Amended Complaint under the Fair Labor Standards Act ("FLSA") because the Third Amended Complaint failed in two critical respects: (1) it did not remedy the prior complaint's failing to "allege . .. facts to support her conclusory allegation that Defendants 'knowingly and willfully refused to pay Plaintiff her legally-entitled wages,'" *see* [D.E. 60, p.3], and (2) regarding Giron's individual liability, the Third Amended

1

Complaint did nothing more than regurgitate statutory language. *See* [D.E. 60, p.4] (citing *Graveling v. Castle Mortgage Co.*, 2015 WL 6847947, at *1 (11th Cir. Nov. 9, 2015)).

Opposing Defendants' motion, the Plaintiff points to language in the Third Amended Complaint that, Plaintiff says, gets the Third Amended Complaint past Defendants' motion to dismiss. Here is why the Plaintiff errs, and why the Third Amended Complaint complaint should be dismissed:

I. **PLAINTIFF FAILS TO ALLEGE THAT EITHER OASIS OR GIRON KNEW OR SHOULD HAVE KNOW ABOUT PLAINTIFF'S PURPORTED OVERTIME WORK.**

Trying to avoid her failure to add facts showing Defendants' knowledge, Plaintiff cites *Sarti v. Protective Servs., Inc.*, No. 09-20357-CIV, 2009 WL 1492024, at *1 (S.D. Fla. May 27, 2009)[1]. Notably, however, the language found sufficient in *Sarti* cannot be found in Plaintiff's Third Amended Complaint. Undeterred, Plaintiff tries to skirt past this by characterizing her own allegations as "similar" to those found sufficient in *Sarti* to show defendants' knowledge that *Sarti*'s plaintiff worked overtime. The problem for our Plaintiff here, Ms. Steele, is this: Ms. Steele's allegations are not "similar" *enough* to those in *Sarti* for Steele's complaint to survive this motion to dismiss. That is so because:

First, Plaintiff cites paragraph nine of her Third Amended Complaint as some sort of factual allegations that go towards Defendants' knowledge. [D.E. 62, p. 3 nn. 2-4]. But Plaintiff errs because paragraph nine in Steele's Third Amended Complaint *repeats verbatim, without any change*, the allegations Steele made in paragraph six of her Second Amended Complaint. *Compare* [D.E. 27, pp. 2-3 ¶ 6] (Second Am. Complt. ¶ 6) *with* [D.E. 59, p. 3 ¶ 9] (Third Am. Complt. ¶ 9).

---

[1] Given that *Iqbal* was not issued until May 18, 2009, it is unlikely that the *Sarti* Court applied the now controlling plausibility pleading standard.

Yet those allegations in paragraph six of the Second Amended Complaint, along with all the other allegations in that complaint this Court found insufficient to show the Defendants here knew about Steele's allegedly working overtime. Yet nowhere does Steele now try to explain why, somehow, the Court got it wrong when the Court dismissed the Second Amended Complaint, the allegations in paragraph six (now repeated in paragraph nine of the Third Amended Complaint) notwithstanding. If paragraph six could not save the Second Amended Complaint regarding Defendants' knowledge, it seems ineluctable that paragraph nine in the Third Amended Complaint also cannot save this present complaint either.

Second, Plaintiff purports to rely upon paragraph sixteen of her Third Amended Complaint to say that, yes, she did add enough new factual allegations to her complaint to dodge dismissal. Not so because paragraph sixteen amounts to nothing more than a double denial that Oasis did not pay Steele overtime, and that double denial of payment (or double allegation of non-payment) cannot save the Third Amended Complaint because here, as in *Brown v. Luna Development Corporation*,[2] the plaintiff has alleged nothing more than a failure to pay, which the most that can be said of paragraph 16 in Steele's Third Amended Complaint.

For these reasons, Plaintiff still fails to adequate allege knowledge, and her FLSA claim fails as a matter of law against *both* Oasis *and* Ms. Giron.

## II. PLAINTIFF FAILS TO ALLEGE FACTS SHOWING GIRON HELD "EMPLOYER" STATUS UNDER THE FSLA WHEN PLAINTIFF WORKED FOR OASIS.

Nowhere does Plaintiff address or explain why the Court should excuse Plaintiff's reciting in paragraph nine statutory language from FLSA § 203(d) and relying on that statutory language as if it were actual facts. Plaintiff so fails even though Defendants pointed out this defect in the

---

[2]   104 F. Supp.3d 1376, 1378 (S.D. Fla. 2015).

Third Amended Complaint. *See* [D.E. 60, p.4, n.8]. No one here, not even the Plaintiff, can debate that reciting elements from a statute will not do for actually alleging facts. *See Graveling*, 2015 WL 6847947, at *1.

Undaunted by her own failure to explain away *Graveling*, Plaintiff cites three unpublished decisions and the asserts that her allegations are "similar" enough to the allegations in those three unpublished decision such that her Third Amended Complaint should survive. Again, Plaintiff errs because, as with Plaintiff's inadequate allegations about knowledge, Plaintiff's allegations are similar "enough." And that is so because, unlike the three unpublished decisions that Plaintiff cites, the allegations in Plaintiffs' Third Amended Complaint are conclusions, not facts.

Nor does the Plaintiff allege any facts to show that, when Steele worked for Oasis, that Ms. Giron, at that time, met the FLSA's definition of an employer. And indeed, Plaintiff cannot.

## CONCLUSION

**WHEREFORE,** Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion were filed and served on the counsel of record via the Court's ECF filing system on this 19th day of March, 2016, on:

Elliot Kozolchyk
Koz Law, P.A.
(ekoz@kazlawfirm.com)
80 S.W. 8th Street, Suite 200
Miami, Florida 33130

Respectfully Submitted,

**KENNER & CUMMINGS PLLC**
*Counsel for Defendants Oasis & Giron*
104 Southeast 8th Ave. Suite #2
Fort Lauderdale, Florida 33301
Office: (954) 233-2675 ext. 2
Email: Marc@Kennercummings.com

By: _____
Marc E. Rosenthal, Esq.
Florida Bar No.: 117561

5