United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jennifer Steele, Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 13-62077-Civ-Scola |
| International Association of Trauma ) | |
| & Addiction Counselors, Inc., and ) | |
| others, Defendants. ) | |

**Order On Motion To Dismiss Third Amended Complaint**

Defendants International Association of Trauma & Addiction Counselors, Inc. d/b/a Oasis International Pompano Beach ("Oasis") and Janina Giron ask the Court to dismiss Plaintiff Jennifer Steele's Third Amended Complaint (ECF No. 59). (Mot., ECF No. 60). Defendants argue that Steele fails to state a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA") because she does not allege (1) facts demonstrating that Defendants knew or should have known of the overtime work or (2) that Giron was an "employer." (*Id.* 1–2.) Having considered the parties' briefs, the record, relevant legal authorities, and for the reasons more fully explained below, the Court **denies** the Motion to Dismiss (ECF No. 60).

1. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 2. Legal Analysis

To prove her FLSA overtime claim, Plaintiff must demonstrate that she suffered or was permitted to work without compensation. *See* 29 U.S.C. 203(g). Courts have interpreted this to mean that plaintiffs must show that (1) he or she worked overtime without compensation and (2) defendants knew or should have known of the overtime work. *Allen v. Board of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007). Steele has satisfied the first criteria, because she alleges that she worked more than the forty maximum hours and did not receive compensation for her overtime work. *See Burton v. Hillsborough Cnty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) ("[B]ecause the employees allege that the County failed to compensate them for time worked in excess of 40 hours per week, . . . we take those allegations as true . . . .").

Defendants argue that Steele fails to satisfy the second criterion in that she fails to allege facts that prove that Oasis or Giron knew or should have known of Steele's alleged overtime work. (Mot. 3, ECF No. 60.) In her Complaint, Steele alleges that Giron was a "managing agent[], director, and/or owner[] . . . that acted directly in the interests of Defendant . . . in relation to said co-Defendant's employees . . . [Giron] effectively dominate[s] . . . administratively or otherwise acts, or [has] the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others." (Third Am. Compl. ¶ 9, ECF No. 59.) Additionally, Steele states that "Defendants knowingly and willfully refused to pay Plaintiff her legally-entitled wages through their conduct and payment practices that did not compensate Plaintiff at her proper overtime rate and for all overtime hours that she worked throughout her employment."

Under the majority view in this jurisdiction, Steele has satisfied the second criteria. *See Sarti v. Protective Servs., Inc.*, No. 09-20357-CIV, 2009 WL 1492024, at *2 (S.D. Fla. May 27, 2009) (Martinez, J.) (finding similar allegations concerning operational control over the defendant corporation and knowing or "reckless disregard of the provisions of the Act concerning the payment of overtime compensation" were sufficient to survive motion to dismiss).

In so holding, the Court rejects Defendants' argument that Steele must plead Defendants' knowledge with greater specificity. *See Mitial v. Dr. Pepper Snapple Grp.*, No. 11-81172-CIV, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) (Marra, J.) (rejecting defendants argument that plaintiff "must plead with greater specificity . . . how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours."). Further, the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (Scola, J.). Courts have rejected these arguments before. *See Burton,* 181 Fed. App'x at 840 (rejecting call for heightened pleading under FLSA; such claims require compliance with Rule 8 only). While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand "detailed factual allegations." *See Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. A simple case of unpaid overtime is not complicated to plead. *See U.S. Sec'y of Labor v. Labbe,* 319 Fed. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of an FLSA violation are quite straightforward.").

To be sure, there are decisions in this district that require slightly greater factual details at the motion to dismiss phase. *See Brown v. Luna Dev. Corp.*, 104 F. Supp. 3d 1376, 1378 (S.D. Fla. 2015) (Hurley, J.) ("Defendant also argues that Plaintiff fails to allege how, beyond failure to pay, Defendants violated the FLSA. Defendant is correct. To claim a violation of the FLSA, Plaintiff must allege, for example, that he was required to work 'off the clock,' to work during lunch breaks, to work after he had 'clocked out,' to 'show up earlier than their regular set schedule,' or that Defendants 'manipulate[ed] the [schedule] system.' An allegation that Defendants failed to pay overtime wages is insufficient to withstand a motion to dismiss.").

However, the Eleventh Circuit has held that, to survive a motion to dismiss, all a plaintiff must allege is a failure to pay overtime compensation or minimum wages to a covered employee. *See Labbe,* 319 F. App'x at 764. At this stage of the proceeding, no more is required. *Mitial,* 2012 WL 2524272, at

*3 (citations omitted); see *Dagoberto Catalino Diaz Hernandez v. Laundry Zone, Inc.*, No. 1:15-CV-22708-KMM, 2015 WL 7890034, at *2 (S.D. Fla. Dec. 4, 2015) (Moore, J.) (finding plaintiff's allegations that he is a covered employee and that the defendants failed to pay him and others similarly situated overtime compensation sufficient to survive motion to dismiss); see also *Dobbins v. Scriptfleet, Inc.*, No. 11–cv–1923, 2012 WL 601145, *2 (M.D.Fla. Feb.23, 2012) (denying motion to dismiss while being mindful of the "straightforward" FLSA pleading requirements required by 11th Circuit precedent, *Labbe* ).

Defendants further argue that Steele has failed to allege that Giron was an "employer." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). For an individual officer to be held personally liable under the FLSA, the officer must either "be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir. 1986). In the Third Amended Complaint, Steele alleges that Giron is a "managing agent[], director, and/or owner[] . . . that acted directly in the interests of Defendant . . . in relation to said co-Defendant's employees . . . [Giron] effectively dominate[s] . . . administratively or otherwise acts, or [has] the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others." (Third Am. Compl. ¶ 9, ECF No. 59.)

Defendants argue that Steele fails to show that Giron maintained control over "day-to-day functions." (Mot. 5, ECF No. 60.) However, this argument misses the mark. Plaintiff need only allege that Giron was involved in the day-to-day operations, via compensation of employees or otherwise, *or* maintained direct supervisory responsibility of employees. See *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008) (granting judgment as a matter of law because there was insufficient evidence to prove either requirement). Here, Steele alleges that Giron had supervisory responsibility over the employees. Accordingly, Steele's pleading is sufficient to survive a motion to dismiss.

3. Conclusion

For the reasons explained herein, the Defendants' Motion to Dismiss (ECF No. 60) is **denied**.

**Done and ordered**, Miami, Florida, on March 24, 2016.

Robert N. Scola, Jr.
United States District Judge